RULEY, JUDGE:
This claim against the Treasurer’s Office was originally filed *107 against the State Tax Department, but has been amended by the Court for reasons which will be made apparent by the facts which follow.
Claimant William P. Knight and his wife at the time, Marjorie A. Knight, filed a joint West Virginia personal income tax return for 1977 showing a refund due. The Tax Department requested that the Treasurer’s Office and the Auditor issue a warrant for $305.88, the amount of the refund. The warrant, issued March 15, 1978, was made payable to William P. Knight and Marjorie A. Knight, who, during this period, were in the process of obtaining a divorce. William allegedly forged the endorsement of Marjorie and then cashed the check.
On the advice of counsel, William paid the $305.88 back to the Treasurer. Marjorie then applied to the Treasurer for re-issuance of another warrant. The new warrant, in the sum of $305.88, issued April 11, 1979, was made payable to Marjorie A. Knight only. Subsequently, she cashed the check and left the State. William proceeded to file this claim against the State Tax Department in the amount of $152.94, representing his share of the improperly issued refund.
At the hearing, it was admitted by the respondent that “apparently there was an error made by the State officials”. The evidence indicates that the error was made by the Treasurer’s Office, and not by the State Tax Department; therefore, the claim has been amended by the Court to name the Treasurer’s Office as respondent.
Tax refunds are provided for by West Virginia Code §11-21-86, which states, in part, that “the tax commissioner shall refund the amount of the overpayment to the taxpayer.” As for the actual payment, or disposition of revenue, §11-21-93 provides: “Of the revenue collected under this article the state treasurer shall retain in his hands such amount as the tax commissioner may determine to be necessary for refunds to which taxpayers shall be entitled. . .”.
In the case at bar, taxpayer William P. Knight was entitled to one-half of the refund, which, because of the respondent’s *108 error, he did not receive. Accordingly, the claim should be allowed.
Award of $152.94.